UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

| | | |
|---|---|---|
| JAMES KEVIN AUBREY, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 13-20-GFVT |
| | ) | |
| v. | ) | |
| | ) | |
| STATE FARM MUTUAL AUTOMOBILE | ) | **MEMORANDUM OPINION** |
| INSURANCE COMPANY, | ) | **&** |
| | ) | **ORDER** |
| Defendant | ) | |
| | ) | |

*** *** *** ***

This case arises out of an automobile accident in Frankfort, Franklin County, Kentucky. [R. 1-1.] After the accident, Mr. James Aubrey filed this action against his insurance company, State Farm Fire and Casualty Company.[1] Before the Court is Defendant State Farm Fire and Casualty Company's Motion to Bifurcate and Stay Discovery. [R. 6.] State Farm offers considerable support for its motion and Plaintiff does not object to the bifurcation. [R. 7.] Aubrey does allege, however, that if the claims are bifurcated, the jurisdictional amount in controversy will no longer be met and remand will be necessary. [Id.] This is incorrect. State Farm has carried its burden, the motions to bifurcate and stay will be granted and the Court will maintain jurisdiction of the case.

---

[1] State Farm points out in their motion [R. 6] that they are incorrectly identified in the Court Record as "State Farm Mutual Automobile Insurance Company." This will be corrected by this Order.

# I

On May 10, 2012, James Aubrey was in a motor vehicle accident in Frankfort, Kentucky. [R. 1-1 at 1.] Aubrey was injured in this accident and the other driver's insurance company paid the full amount of its policy limits to Aubrey. [Id. at 2.] Thereafter, Aubrey notified State Farm that he desired to claim against the underinsured motorist policy that covered the vehicle Aubrey was driving when the accident occurred. [Id.] State Farm failed to pay this claim and Aubrey filed suit in Franklin Circuit Court on March 11, 2013. [Id.] The case was removed by State Farm to this Court on April 17, 2013. [R. 1.] Two claims are alleged. The first claim is about the payment of underinsured motorist benefits for injuries allegedly sustained in the accident and the second claim is for bad faith in State Farm's alleged failure to engage in good faith settlement negotiations, as is required by Kentucky Revised Statute § 304.12-230.

# II

# A

Federal Rule of Civil Procedure 42(b) provides that, "for convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims." Convincing a court to utilize its discretion to separate a trial is the moving party's responsibility, and a court should separate a trial once it has determined that is the most appropriate course of action. *Brantley v. Safeco Insurance Comp. of Am.*, 2011 WL 6012554, at *1 (W.D. Ky. Dec. 1, 2011) (citations omitted). Factors that should be considered in determining what is most appropriate include instances where two issues will be decided through the use of unrelated evidence "or where litigation of one issue may obviate the need to try another issue." *Id.* (quoting *Athridge v. Aetna Cas. & Sur. Co.*, 604 F.3d 625, 635 (D.D.C.

2010)).  The Sixth Circuit listed "potential prejudice to the parties, the possible confusion of the jurors, and the resulting convenience and economy" as other important considerations. *Id.* (quoting *Wilson v. Morgan*, 477 F.3d 326, 339 (6th Cir. 2007)).

**B**

The facts of this case mirror those of numerous cases throughout Kentucky, and beyond, that have considered insurance contract claims and bad faith claims and consistently granted motions to bifurcate and stay discovery. *Bruckner v. Sentinal Ins. Co. Ltd.*, 2011 WL 589911, at *2 (E.D. Ky. Feb. 10, 2011); *Brantley*, 2011 WL 6012554, at *2 (citing several cases); *Hoskins v. Allstate Prop. & Cas. Ins. Co.*, 2006 WL 3193435, at *2 (E.D. Ky. Nov. 2, 2006).  Bifurcation is so prevalent in this area because of the three elements that must be proven to prevail on a bad faith claim:

> (1) the insurer is obligated to pay the claim under the terms of the policy; (2) the insurer lacks a reasonable basis in law or fact for denying the claim; and (3) the insurer either knew there was no reasonable basis for denying the claim or acted with reckless disregard for whether such a basis existed.

*Bruckner*, 2011 WL 589911, at *2 (E.D. Ky. Feb. 10, 2011) (quoting *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)).  Until Aubrey prevails on his underinsured policy claim, he will be unable to properly support all of those elements.  Thus, "one issue may obviate the need to try another issue," *Brantley*, 2011 WL 6012554, at *1, and judicial economy may be furthered by bifurcating the claims. *Bruckner*, 2011 WL 589911, at *2 (citing *Smith v. Allstate*, 403 F.3d 401, 407 (6th Cir. 2005)).

Aubrey has no objection [R. 7] and the Court is convinced that bifurcation of these claims at trial provides the most expedient path going forward.

The Court can find no compelling reason why discovery on the bad faith claim should not also be stayed. The *Brantley* court provided well-reasoned analysis: discovery could reveal State Farm's work-product and raise issues regarding privilege, and State Farm may be prejudiced by engaging in discovery for a subsidiary claim that will never have proper support. 2011 WL 6012554, at *2.

## C

Finally, Aubrey alleges that, by bifurcating the "Plaintiff's underlying underinsured motorist claim from his bad faith claim" the Court loses jurisdiction as the policy limit on the Plaintiff's underinsured claim is only $50,000. [R. 7.] Aubrey's suggests that the underinsured claim does not satisfy the $75,000 amount in controversy requirement without also considering damages for the, now bifurcated, bad faith claim. [Id.] State Farm correctly explains that bifurcating the trial of these claims has no effect on the total amount in controversy in the litigation. [R. 8.] Bifurcation is merely a tool that permits the Court to separate the trial of issues or claims for convenience, judicial economy or to avoid prejudice. Fed. R. Civ. P. 42(b). It does not, however, create a new case or split existing claims into separate cases. As such, bifurcation has no bearing on the amount in controversy requirement.

## III

Accordingly, and the Court being sufficiently advised, it is **HEREBY ORDERED** as follows:

(1)	State Farm's Motion to Bifurcate and Stay Discovery [R. 6] on Aubrey's bad faith claim is **GRANTED**;

(2)    Aubrey's request that the case be remanded to Franklin Circuit Court [R. 7] is

**DENIED**;

(3)    The two claims at issue in this matter will be bifurcated for both trial and discovery, with a stay being issued as to Aubrey's bad faith claim, pending resolution of his underinsured insurance claim; and,

(4)    The Clerk of Court is ordered to substitute "State Farm Fire and Casualty Company" for "State Farm Mutual Automobile Insurance Company" as the proper name for the Defendant in the Court record.

This 31st day of October, 2013.

Signed By:

*Gregory F. Van Tatenhove*

**United States District Judge**